UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kallys Albert, Sr., | Civil No. 12-1224 (DWF/FLN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Principal Financial Group, Principal Life Insurance Company, Orion Associates/Meridian Services, Inc., Stephen Hage and John Doe, | |
| Defendants. | |

_____

Kallys Albert, Sr., pro se.
Edna S. Kersting for Defendants Principal Financial Group and Principal Life Insurance.
_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on November 13, 2012 on Defendant's motion to dismiss (ECF No. 18). The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, this Court recommends the motion be **GRANTED**, thereby **DISMISSING with prejudice** counts two through eight against Defendants Principal Financial Group and Principal Life Insurance Company ("Principal Life").

## I. BACKGROUND

Plaintiff is a former employee of Defendant Meridian Services, Inc. Plaintiff participated in Meridian's employee welfare benefit plan with short-term disability benefits and life insurance benefits funded by Principal Life pursuant to the terms of group insurance policies. ECF No. 25 at 3. Plaintiff also had a 401(k) plan. *Id.* In 1999, the plan's trustee purchased a group annuity and entered into a flexible investment annuity group contract ("the contract") with Principal Life. *Id.* During the course of his employment with Meridian, Plaintiff suffered injuries (a human bite on his

forearm and a rotator cuff tear) while attempting to restrain an individual. *Id.* Principal Life paid short-term disability benefits to Plaintiff until he was released to work. ECF No. 25 at 4. Plaintiff exhausted his short-term disability benefits and his claim for life-insurance coverage was denied because he retained the ability to work "in any occupation." *Id.*

Plaintiff alleges he was entitled to additional contributions from Meridian to his 401(k) plan. ECF No. 15 at 1(2)[1]. He also alleges that certain funds were transferred by Defendants into riskier portfolios without his permission, causing him to suffer financial losses. *Id.* Plaintiff's amended complaint includes eight separate claims.[2] *Id.* It does not appear that Defendants Orion Associates/Meridian Services, Inc., Stephen Hage and John Doe have been served. Principal Life answered Plaintiff's first claim relating to life insurance coverage, but moves to dismiss counts two through eight. ECF Nos. 17 and 18.

## II. RELEVANT LEGAL STANDARD

In analyzing the adequacy of a complaint under Rule 12(b)(6), the Court must construe the complaint liberally and afford the plaintiff all reasonable inferences to be drawn from the facts plead. *See Turner v. Holbrook*, 278 F.3d 754, 757 (8th Cir. 2002). For the purpose of a motion to dismiss, facts in the complaint are assumed to be true. *In re Navarre Corp. Sec. Litig.*, 299 F.3d 735, 738 (8th Cir. 2002). Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions that are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and may

---

[1] Plaintiff's amended complaint contains two pages numbered one.

[2] For clarity, the Court will refer to the numbered counts as designated by Defendants in their memorandum of law, ECF No. 25.

not merely state legal conclusions. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must contain enough facts to state a claim for relief that is "plausible on its face." *Id.* at 570; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The plausibility standard is not akin to a "probability requirement," but it calls for more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 129 S. Ct. at 1949. In sum, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* Where the court finds that the facts alleged "do not permit the court to infer more than the mere possibility of misconduct," the pleader is not entitled to relief. *Id.*, (citing Fed. R. Civ. P. 8(a)(2)).

### III. LEGAL ANALYSIS

In this case, even assuming the facts alleged are true, the Court is unable to reasonably infer liability of Principal Life.[3] The Court will address each of the claims alleged by Plaintiff in turn.

In counts two, five and eight Plaintiff alleges breach of fiduciary duty claims under the Employment Retirement Income Security Act (ERISA). Plaintiff alleges that Defendants breached their fiduciary duty by transferring his funds from the portfolio he selected to a riskier portfolio, thereby causing him financial losses.[4] Defendants argue that, pursuant to the group annuity contract, their primary role was to act as a service provider and that they are not fiduciaries in the sense

---

[3] Plaintiff does not distinguish between the five Defendants in his amended complaint. Unless otherwise stated, reference to "Defendants" in this recommendation refers only to Principal Financial Group and Principal Life Insurance Company.

[4] At the hearing, counsel for Defendants indicated that Plaintiff's funds were never transferred to an alternative portfolio. Counsel indicated that Plaintiff's loss, from approximately $8,000 to $50.00, was a result of market fluctuations.

3

alleged by Plaintiff. ERISA provides multiple definitions of a fiduciary. The definition relevant to an alleged transfer funds between portfolios is one who "exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets . . ." 29 U.S.C. §1002(21)(A)(i). Therefore, examination of the contract between Principal Life and the Trustees of Orion Associates/Meridian Services, Inc./Zenith Services, Inc. is key to determine which party, if any, may have breached their fiduciary duties by allegedly transferring Plaintiff's funds to a riskier portfolio.[5]

The contract is between Principal Life and the Trustees of Orion Associates/Meridian Services, Inc./Zenith Services, Inc. 401(k) Retirement Plan (the "Contractholder"). ECF No. 23 at 1. In the contract, the pronoun "you" refers to the Contractholder and "we" refers to Principal Life. A "Member" is one entitled to benefits under the Plan. ECF No. 23 at 28. The contract explicitly states that "the right to direct the split of Contributions . . . and to direct any transfer between these Investments is reserved to you and/or the Member . . ." ECF No. 23 at 8 (Art. II, Sec. 8, para 1). Therefore, under the contract, Principal Life has no discretionary authority to make transfers from one portfolio to another. The contract does provide that Principal Life may act as a fiduciary in its role as an "investment manager." ECF No. 23 at 8 (Art. II, Sec. 8, para 2). However, these duties specifically exclude the discretionary authority to transfer funds. *Id.* Plaintiff does not allege that Principal Life breached its fiduciary duties in its role as an investment manager. Because Plaintiff's factual allegations only address the impropriety of those who had the authority to direct a transfer of funds between portfolios, the Court agrees that all counts based on an alleged breach of fiduciary duty against Principal Life should be dismissed.

---

[5] Although Defendants submitted the contract, the Court finds Plaintiff's allegations in his amended complaint sufficiently pertain to the contract for the Court to consider it in the context of this motion. *See Stahl v. U.S. Dep't of Agriculture,* 327 F.3d 697, 700 (8th Cir. 2003).

In count three Plaintiff alleges that Defendants failed to disclose material information, which the Court construes as a claim under 29 U.S.C. § 1021(a). Section 1021(a) requires that "The *administrator* of each employee benefit plan shall cause to be furnished . . ." certain information to beneficiaries. *Id.* (emphasis added). The contract between Principal Life and the Trustees states that "we act only as a service provider, and *we do not act as a* Plan trustee, Plan fiduciary or ***Plan administrator*** under ERISA or any state law." ECF No. 23, 48 (Art. VII, Sec. 16) (emphasis added). Thus, the Court is unable to construe a claim against Principal Life for any alleged failure to provide Plaintiff with material information under ERISA. Count three should be dismissed.

Counts four and six set forth a breach of contract and a bad faith claim related to the denial of insurance benefits. These claims arise under state law, as Plaintiff acknowledged in his opposition brief and at the hearing. ECF No. 27 at 16. Defendants argue these claims are preempted by ERISA. The Court agrees. ERISA contains a broad preemption clause which states that its provisions "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . ." 29 U.S.C. §1144(a). This preemption provision applies to common law breach-of-contract and bad faith claims. *E.g. Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62 (1987); *Fink v. Dakotacare*, 324 F.3d 685, 687-89 (8th Cir. 2003). Thus, counts four and six should be dismissed.

In count seven Plaintiff pleads a claim for "discrimination on the basis of health status" in violation of the Health Insurance Portability and Accountability Act (HIPAA). ERISA does prohibit group health plans from establishing "rules for eligibility" based on health status related factors. 29 U.S.C. § 1182. However, Plaintiff does not allege he was denied the ability to enroll. Rather, he alleges he was wrongly denied coverage under his plan. Section 1182(a)(2)(A) states that the eligibility to enroll provision "shall not be construed to require . . . group health insurance coverage . . . to provide particular benefits other than those provided under the terms of such a plan . . ."

5

Thus, the Court is unable to construe a HIPAA claim based on the facts alleged. To the extent Plaintiff's HIPAA claim centers on the allegation that Defendants used "their own self-serving interpretation of disability" in denying him benefits, the Court finds that this allegation is properly addressed under count one, which Defendants have answered. Therefore, count seven should be dismissed.

Finally, Defendants are correct that there is no right to a jury trial on ERISA claims. *E.g. Langlie v. Onan Corp.*, 192 F.3d 1137, 1141 (8th Cir. 1999); *White v. Martin*, No. 99-1447 (JRT/FLN), 2002 U.S. Dist. LEXIS 6899 (D. Minn, April 12, 2002). Plaintiff's jury demand should be struck.

## IV. RECOMMENDATION

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant's Motion to Dismiss (ECF No. 18) be **GRANTED**;

2. Counts two through eight be **DISMISSED with prejudice**; and

3. **JUDGMENT BE ENTERED ACCORDINGLY.**


DATED: December 11, 2012                *s/ Franklin L. Noel*
                                        FRANKLIN L. NOEL
                                        United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **December 26, 2012**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **December 26, 2012,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.