UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kallys Albert, Sr.,                                          Civil No. 12-1224 (DWF/FLN)

                      Plaintiff,

               v.                                    **REPORT AND RECOMMENDATION**

Principal Financial Group,
Principal Life Insurance Company,
Orion Associates/Meridian Services, Inc.,
Stephen Hage and John Doe,

                      Defendants.

___

Kallys Albert, Sr., *pro se.*
Paul Darsow for Defendants Orion Associates, Meridian Services, Inc. and Stephen Hage.

___

**THIS MATTER** came before the undersigned United States Magistrate Judge on January 25, 2013 on Plaintiff's motion for default judgment (ECF No. 36), the motion of Defendants Orion Associates, Meridian Services, Inc. and Stephen Hage to dismiss (hereinafter "Orion Defendants") (ECF No. 38) and Plaintiff's cross motion for judgment on the pleadings (ECF No. 46). The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, this Court recommends that Plaintiff's motions (ECF No. 36 and 46) be **DENIED** and the Orion Defendants' motion (ECF No. 38) be **GRANTED in part** and **DENIED in part**.

### I.    BACKGROUND

Kallys Albert is a former employee of Defendant Meridian Services, Inc. Albert participated in Meridian's employee welfare benefit plan with short-term disability benefits and life insurance benefits funded by Principal Life pursuant to the terms of group insurance policies. ECF No. 25 at 3. Plaintiff also had a 401(k) plan. *Id.* In 1999, the plan's trustee purchased a group annuity and

entered into a flexible investment annuity group contract ("the contract") with Principal Life. *Id.* During the course of his employment with Meridian, Plaintiff suffered injuries (a human bite on his forearm and a rotator cuff tear) while attempting to restrain an individual. *Id.* Principal Life paid short-term disability benefits to Albert until he was released to work. ECF No. 25 at 4. Albert exhausted his short-term disability benefits and his claim for life-insurance coverage was denied because he retained the ability to work "in any occupation." *Id.*

Albert alleges he was entitled to additional contributions from Meridian to his 401(k) plan. ECF No. 15 at 1(2)[1]. He also alleges that certain funds were transferred by Defendants into riskier portfolios without his permission, causing him to suffer financial losses. *Id.* Albert's amended complaint includes eight separate claims.[2] *Id*. Defendants Principal Life and Principal Financial Group answered the first claim and moved to dismiss the others. *See* ECF Nos. 17 and 18. In January 2013, this Court's Report and Recommendation that the remaining seven claims be dismissed was adopted. ECF Nos. 44; 50.

At the time argument was heard on the Principal Defendants' motion to dismiss, Albert claimed to have served Defendants Orion Associates, Meridian Services and Stephen Hage; but according to ECF entries, it did not appear that they were properly served. On November 21, 2012 Albert moved for default judgment and several weeks later Defendants moved to dismiss. ECF Nos. 36 and 38. Albert then filed a cross-motion for judgment on the pleadings. ECF No. 46. Defendants now stipulate to service by mail and the Court will consider the pending motions on the merits. ECF No. 51, 2.

---

[1] Plaintiff's amended complaint contains two pages numbered one.

[2] For clarity, the Court will refer to the numbered counts as designated by Principal Defendants in their memorandum of law, ECF No. 25.

## II. RELEVANT LEGAL STANDARD

In analyzing the adequacy of a complaint under Rule 12(b)(6), the Court must construe the complaint liberally and afford the plaintiff all reasonable inferences to be drawn from the facts plead. *See Turner v. Holbrook*, 278 F.3d 754, 757 (8th Cir. 2002). For the purpose of a motion to dismiss, facts in the complaint are assumed to be true. *In re Navarre Corp. Sec. Litig.*, 299 F.3d 735, 738 (8th Cir. 2002). Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions that are fatally flawed in their legal premises and are bound to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and may not merely state legal conclusions. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must contain enough facts to state a claim for relief that is "plausible on its face." *Id.* at 570; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The plausibility standard is not akin to a "probability requirement," but it calls for more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 129 S. Ct. at 1949. In sum, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* Where the court finds that the facts alleged "do not permit the court to infer more than the mere possibility of misconduct," the pleader is not entitled to relief. *Id.*, (citing Fed. R. Civ. P. 8(a)(2)).

## III. LEGAL ANALYSIS

### A. Counts four, six, seven and eight should be dismissed.[3]

Counts four and six set forth a breach of contract and a bad faith claim related to the denial of insurance benefits. Defendants argue these claims are preempted by ERISA. The Court agrees. ERISA contains a broad preemption clause that states that its provisions "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . ." 29 U.S.C. §1144(a). This preemption provision applies to common law breach-of-contract and bad faith claims. *E.g. Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62 (1987); *Fink v. Dakotacare*, 324 F.3d 685, 687-89 (8th Cir. 2003). Thus, counts four and six should be dismissed.

In count seven Albert pleads a claim for "discrimination on the basis of health status" in violation of the Health Insurance Portability and Accountability Act (HIPAA). ERISA does prohibit group health plans from establishing "rules for eligibility" based on health status related factors. 29 U.S.C. § 1182. However, Albert does not allege he was denied the ability to enroll; he alleges he was wrongly denied coverage. Section 1182(a)(2)(A) states that the eligibility to enroll provision "shall not be construed to require . . . group health insurance coverage . . . to provide particular benefits other than those provided under the terms of such a plan . . ." Thus, the Court is unable to construe a HIPAA claim based on the facts alleged. Count seven should be dismissed.

Finally, in count eight Albert argues he is entitled to a jury trial. Defendants are correct that there is no right to a jury trial on ERISA claims. *E.g. Langlie v. Onan Corp.*, 192 F.3d 1137, 1141 (8th Cir. 1999); *White v. Martin*, No. 99-1447 (JRT/FLN), 2002 U.S. Dist. LEXIS 6899 (D. Minn, April 12, 2002). Plaintiff's jury demand should be struck.

---

[3] The Orion Defendants adopt the arguments set forth by the Principal Defendants in their motion to dismiss for counts four, six, seven and eight. ECF No. 18. Therefore, the legal analysis in Section A is the same as that articulated in the previous Report and Recommendation ( ECF No. 44), which was adopted on January 2, 2013. (ECF No. 50).

**B. Counts one, two, three and five should not be dismissed.**

Counts one, two, three and five allege breach of fiduciary duty under the Employment Retirement Income Security Act (ERISA). Albert alleges that Defendants breached their fiduciary duty by transferring his funds from the portfolio he selected to a riskier portfolio, thereby causing him financial losses. The Orion Defendants contend that these counts, fairly read, allege a conspiracy claim under ERISA, which is not recognized and should therefore be dismissed. Def. Br. at 8, ECF No. 40. The Court agrees that conspiracy claims are not valid under ERISA. *Riley v. Murdock*, 890 F. Supp. 444, 454 (E.D.N.C. 1995). However, the Court is unable to join Defendants in their narrow reading of Albert's complaint. For the reasons that follow, counts one, two, five and eight should not be dismissed.

Defendants emphasize Albert's allegation that Defendants "acted in concert with willful intention to harm . . . ." This language is included in what has been construed as Count one of the complaint, and it is repeated in other counts. ECF No. 1, ¶ 7. At the same time, Albert alleges that Defendants "collectively and individually" breached their fiduciary duties, and that "all Defendants . . . failed to provide all the disclosure information . . . ." Because Albert alleges both collective and individual action by the Defendants throughout his complaint, the Court cannot endorse the Defendants view that "*all* of his allegations hinge on the over-arching premise that all Defendants acted in concert to do him harm by violating ERISA." Def. Reply Br. at 4, ECF No. 51 (emphasis in original). Further, the Court is not convinced that the "acted in concert" language precludes finding an appropriately pled allegation against each of the Defendants individually. Therefore, while the Court agrees that conspiracy claims are not valid under ERISA, Albert has properly pled count one, two, three and five against the instant Defendants in their individual capacities. *See* ECF No. 15.

# IV. RECOMMENDATION

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendants' Motion to Dismiss (ECF No. 38) be **GRANTED in part** and **DENIED in part**, as follows:

    A. To the extent Defendants seek to dismiss counts four, six, seven and eight, the motion should be **GRANTED** and the counts should be **DISMISSED WITH PREJUDICE**.

    B. To the extent Defendants seek to dismiss all ERISA conspiracy claims in count one, two, three and five, the motion should be **GRANTED**.

    C. To the extent Defendants seek to dismiss counts one, two, three and five against them in their individual capacities, the motion should be **DENIED.**

2. Plaintiff's motion for default judgment (ECF No. 36) should be **DENIED**. Default judgment is appropriate only after one is properly served and "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . ." Fed. R. Civ. P. 55(a). Although Defendants now stipulate to service by mail, they were not properly served by Plaintiff. Therefore, default judgment is not appropriate.

3. Plaintiff's motion for judgment on the pleadings (ECF No. 46) should be **DENIED**. Judgment on the pleadings should be granted only if it "appears beyond a doubt that the [non-movants] can prove no set of facts which would entitle [them] to relief." *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). Plaintiff has not met this burden.


DATED: February 22, 2013         *s/ Franklin L. Noel*
                      FRANKLIN L. NOEL
                      United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **March 11, 2013**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to

3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **Marchh 11, 2013,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.