UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kallys Albert, Sr.,                                                                 Civil No. 12-1224 (DWF/FLN)

                Plaintiff,

     v.                                                                              **REPORT AND RECOMMENDATION**

Principal Financial Group,
Principal Life Insurance Company[1],
Orion Associates/Meridian Services, Inc.,
Stephen Hage and John Doe,

                Defendants.

_____

Kallys Albert, Sr., *pro se.*
Paul Darsow for Defendants Orion Associates, Meridian Services, Inc. and Stephen Hage.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on October 8, 2013 on Orion Associates/Meridian Services and Stephen Hage's ("Orion Defendants") motion for summary judgment (ECF No. 110). The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons set forth below, this Court recommends that Defendants' motion be **GRANTED**.

### I.    BACKGROUND

**A. Summary**

Plaintiff Kallys Albert worked for Meridian Services Inc. from 2006-2011. ECF No. 114 at 2. After suffering a work-related injury, Albert was granted multiple leaves under the Family Medical Leave Act (FMLA). *Id.* at 3. Albert's sixth FMLA leave ended on August 12, 2011. *Id.* at 3-4. Because Albert did not report back to work within three months from that date, Meridian

---

[1] On October 7, 2013, Albert stipulated to the dismissal of the Principal Defendants with prejudice. ECF No. 129.

concluded that he voluntarily resigned pursuant to their internal policies. *Id.* Albert filed this lawsuit in May 2012, alleging eight counts under the Employee Retirement Income Security Act of 1974 (ERISA). ECF No. 15. In March 2013, four of those claims (counts four, six, seven and eight) were dismissed as to the Orion Defendants. ECF Nos. 56 and 54. The remaining counts (one, two, three and five) include: (1) failure to provide the premium waiver benefit (Count 1); (2) breach of fiduciary duty against all Defendants, including Stephen Hage individually (Counts 2 and 5); and (3) failure to properly disclose material information related to Meridians' 401(k) plan. ECF No. 15 (Count 3).

### B. The Orion Defendants

Orion Associates and Meridian Services are distinct but related entities. ECF No. 114 at 1. Orion is a management services company that manages Meridian. *Id.* Meridian is an organization that assists people with developmental disabilities build skills for independent living. *Id.* Stephen Hage is the Chief Administrative Officer of both Orion and Meridian. *Id.* Meridian's 401(k) plan is subject to a governing document called the Adoption Agreement. *Id.* at 4. The Adoption Agreement identifies Orion Associates / Meridian Services as the plan fiduciaries. *Id.* Stephen Hage maintains that although he has signed documents on behalf of both entities, he has never served as the fiduciary or plan administrator. *Id.*

### C. Albert's employment with Meridian from 2006-2011.

Albert was hired by Meridian as a Program Advocate in August 2006. ECF No. 112 at 4. Albert participated in Meridian's employee welfare benefit plan with short-term disability benefits and life insurance benefits funded by Principal Life pursuant to the terms of group insurance policies. ECF No. 25 at 3. Plaintiff also had a 401(k) plan. *Id.* In 1999, the plan's trustee purchased

a group annuity and entered into a flexible investment annuity group contract ("the contract") with Principal Life. *Id.*

During the course of his employment with Meridian, Albert was injured while attempting to restrain an individual. ECF No. 114 at 3. Albert suffered a human bit on his forearm and tore his rotator cuff. *Id.* Principal Life paid short-term disability benefits to Albert until he was released to work. ECF No. 25 at 4. Albert exhausted his short-term disability benefits and his claim for a life-insurance coverage premium waiver benefit was denied because Principal Life concluded that he was not "totally disabled" as defined by the relevant insurance policy provisions. *Id.*

On November 11, 2011, Albert was deemed to have voluntarily resigned from Meridian. ECF No. 114 at 4. Pursuant to Meridian's Personnel and Training Policies:

> It is the responsibility of the employee to inform their direct supervisor of their continued interest in work. Regardless of any such notification, employees who do not work for three (3) months or more, or who do not maintain their required level of training, will be considered to have resigned their positions voluntarily.

*Id.* Albert's sixth employer-approved FLMA leave ended on August 12, 2011. *Id.* at 4-5. Because three months passed without Albert returning to work, Meridian concluded that he voluntarily resigned. Meridian failed to inform Albert of his resignation at the time, so Hage sent Albert a letter—dated December 27, 2011—which informed Albert that his resignation would be deemed effective December 31, 2011. *Id.* Albert denies receiving this letter. *Id.*

### D.   The "waiver of premium" life-insurance disability benefit.

The life insurance benefit at issue is a disability coverage benefit referred to as "the waiver of premium benefit." ECF No. 112 at 7. Principal Life wrote the insurance policy, which provides that in order to qualify for the disability coverage benefit, one must be "totally disabled." *Id.*; *See also* ECF No. 106-1, AR at 000756-000757. Total disability is defined in the policy as the "inability

due to sickness or injury, to perform the majority of the material duties of *any* occupation for which you are or *may reasonably become qualified* based on education, training or experience." *Id.* Albert was informed of this policy provision by Principal in October 2011. *Id.* at 000271-000275. The Principal Defendants sought and received Albert's medical records from his treating physician in order to consider his eligibility for continued disability benefits. *Id.* at 000132-000133. Dr. John Dunne indicated that Albert was approved to return to light duty work as of September 15, 2011. *Id.* at 000133. Albert also started training as a paralegal at some point in 2011. ECF No. 113, Albert Dep. at 130:18-19, 25; 131:1. Based on the record before it, Principal denied Albert's claim for benefits. ECF No. 106-1 at AR 000205-000210. The Orion Defendants maintain that they had no role in determining whether Albert qualified for the waiver of premium benefit. ECF No. 112 at 18.

    **E.**    **Albert's 401(k) investment.**

The other benefit at issue relates to Albert's 401(k). *Id.* Meridian's 401(k) plain is a single-employer plan. Each year, Form 5500 is filed by Meridian with the Internal Revenue Service (IRS). Hage signs the forms—but as indicated by the plan's Adoption Agreement—the official administrator is Orion Associates/Meridian Services Inc. ECF No. 114 at 4. Albert began participating in Meridian's 401(k) plan in June 2008. *Id.*, Ex. G. Albert agreed to contribute six percent of his pre-tax wages to his individual 401(k) account within the plan. *Id.* at 5. He also elected to have Principal Financial Group invest his contributions with the Principal LifeTime Portfolio. *Id.* Meridian received and sent to Albert eight Semi-Annual Statements concerning the performance of Albert's 401(k) investment. *Id.* Ex. H (1-8). Albert alleges he was entitled to additional contributions from Meridian to his 401(k) plan. ECF No. 15 at 1(2).[2] He also alleges that

---

[2]    Plaintiff's amended complaint contains two pages numbered one.

certain funds were transferred by Defendants into riskier portfolios without his permission, causing him to suffer financial losses. *Id.*

### D. Post-employment information related to Albert's 401(k).

On January 20, 2012—several weeks after Hage sent Albert a letter acknowledging his voluntary resignation—Albert made a written demand for information regarding his 401(k) investment. ECF No. 114 at 6. Albert's letter demanded (1) a copy of his investment file; (2) an explanation of why investment funds were redirected without his consent and (3) an explanation of the losses in his account from July 1– December 31, 2011. *Id.*

## II.   RELEVANT LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To support an assertion that a fact cannot be or is genuinely disputed, a party must cite "to particular parts of materials in the record," show "that the materials cited do not establish the absence or presence of a genuine dispute," or establish "that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)-(B). "The court need consider only the cited materials, but it may consider other materials in the record." Fed.R.Civ.P. 56(c)(3). In determining whether summary judgment is appropriate, a court must look at the record and any inferences drawn from it should be made in the light most favorable to the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## III.   LEGAL ANALYSIS

### A.   Orion Defendants' alleged breach of fiduciary duty.

Albert alleges that he was entitled to additional 401(k) contributions from the Orion Defendants and that they also caused him to suffer losses by moving his 401(k) investments into riskier portfolios without his permission. The Orion Defendants maintain that neither allegation is true. Based on the record, the Court agrees with the Defendants that there is no genuine issue of material fact as it pertains to Counts 2 and 5. These Counts should be dismissed.

First, the Orion Defendants are correct that Albert's statutory argument based on 29 U.S.C. § 1145 is misplaced because Meridian's 401(k) plan is a single employer plan, not a multi-employer plan.[3] *See* ECF No. 114-1, 18- 36; *see also* Adoption Agreement at 38-42. Construing Albert's claims under the more general provisions of Section 1104(a)(1)(B), Albert's claims still fail. Section 1104(a)(1)(B) provides that:

(1) Subject to sections 1103 (c) and (d), 1342, and 1344 of this title, a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and . . .

    (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims

29 U.S.C. 1104(a)(1)(B).

Albert first argues that a comparison of years 2010 and 2011 shows that in 2011, Meridian stopped contributing the full amount of the matching funds required. ECF No. 117 at 25-26 ("Meridian has not presented sufficient evidence to prove that it did not breach its fiduciary duty to the Plaintiff in handling, computing, deductions and payment of contributions into Plaintiff's

---

[3] 29 U.S.C. § 1145 states: Every employer who is obligated to make contributions to a *multiemployer* plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

6

pension fund."). The Court disagrees. As Orion Associate and Meridian Services payroll manager Linda Jernberg explains in her affidavit, the lower 2011 matching contribution is due the fact that Albert was on short-term disability for much of 2011. ECF Nos. 125 at 3; 122 at 12-13. This explanation is supported by the record. *See* ECF Nos. 114-1 at 110-137. No genuine issue of material fact on this point remains.

In support of his assertion that the Orion Defendants breached their fiduciary duty by moving his 401(k) investments into a riskier account, Albert alleges that "[t]here is abundant evidence that Meridian had consistently engaged in suspicious acts with regards to documents spoilation and substitution. . . ." ECF No. 117 at 26. This assertion is conclusory and not supported by evidence in the record. Orion Defendants explain that Albert's funds were always invested in an account called "Principal LifeTm 2020 Sep Acct+." ECF No. 122 at 14. From July 2008 - July 2010, the Principal Defendants referred to that account under the heading "Prin Mgmt Corp/Prin Global Inv." *Id.* From July 2010 onward, that account heading changed to "Multiple Sub-Advisors." *Id.* It is not known why Principal altered the heading name. *Id.* Albert concedes this point in his opposition memorandum. " . . . there is evidence that Pension funds were variously invested and reinvested on ***Prin Mgmt Corp/Prin Global Inv and* Multiple Sub-Advisors** interchangeably during the loss period. *See* D. Exs. 000521-543." ECF No. 117 at 27. Albert suggests that there remains a genuine issue of material fact on this point because he did not receive clarification about the heading name changes sooner. That argument fails. *Id.*[4] For these reasons, Albert's claim that the Orion Defendants

---

[4] Albert states "Any explanation that Meridian defendants proffer now . . . is remedial and inadmissible [because] Plaintiff requested [sic] clarification prior to the commencement of this litigation but was not provided, as a result, Plaintiff was without enough information to make an informed decision on these issues before proceeding to litigation."

moved his 401(k) into a riskier account without his permission should be dismissed.[5]

### B. Orion Defendants' alleged wrongfull denial of Albert's claim for a waiver of premium benefit.

The Orion Defendants maintain that the Principal Life Defendants were solely responsible for determining whether Albert qualified for the premium waiver benefit. Albert has set forth no evidence to the contrary. Even assuming it could be shown that the Orion Defendants influenced Principal's decision in any way, the record makes clear that Albert was not, and is not "totally disabled" as defined by the plan's policy provisions. For these reasons, Albert's wrongful denial of the waiver premium benefit claims should be dismissed.

This claim is presumably brought under 29 U.S.C. § 1132(a)(1)(B), which authorizes civil actions by plan participants "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Pursuant to Albert's life insurance policy, one must be "totally disabled" to receive the premium waiver benefit. ECF No. 106-1 at AR 000772. Total disability is defined by the plan as the "inability, due to sickness or injury, to perform the majority of the material duties of *any* occupation for which you are or *may reasonably become qualified* based on education, training or experience." *Id.* at AR 000772. Albert's medical records show he was approved to return to "light duty work" by September 15, 2011. *Id.* at AR 000132-000133. Documentation in support of Albert's appeal of Principal's decision also supports the conclusion

---

[5] Because there is no genuine issue of material fact pertaining to any of Albert's alleged breach of fiduciary duty claims, the Court will not consider whether Hage could be considered a fiduciary and/or be held personally liable for the purposes of this R&R.

that he was not totally disabled. *Id.* at AR 000143.

Notably, the policy's definition of disability is not limited to the scope of ones job duties at the time they were injured; rather, the policy clearly considers any occupation that one "may reasonably become qualified" for. *Id.* at AR 000772. Albert is currently training as a paralegal. ECF No. 113, Albert Depo at 130:18-19, 25; 131:1. This fact, together with the medical records in the administrative record, leave no doubt that Albert is capable of work in *some* occupation. For all of these reasons, no genuine issue of material fact exists as to Count I and it should be dismissed with prejudice.

### C. Orion Defendants' alleged failure to properly disclose material information related to Meridians' 401(k) plan.

Albert alleges that the Orion Defendants failed to properly disclose specific information related to his 401(k) plan under section 29 U.S.C. 1024(b)(4). Defendants maintain that the information requested by Albert in January 2012 does not represent the type of information that plan administrators are obligated to disclose under the law. The Court agrees.

Section 1024(b)(4) states:

> The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated.

29 U.S.C. 1024(b)(4). In January 2012, after Albert was formally terminated due to what was deemed his voluntary resignation, he requested the following:

> (a) Please forward to me upon receipt of this communication, my complete investment files, transaction history and statements from the date the plan was established to date and including but not limited to all sources where the plan money had been invested for the period in question.
>
> (b) A statement explaining why the investment funds were redirected

and/or reinvested (if any) to a different portfolio without my consent

(c) The reason for the loss or decrease in balances in the Statement July 1, to December 31, 2011, and any other prior loss during the period in question.

(d) A complete copy(es) [sic] of my original plan application completed and signed by me at the time I became enrolled in the plan.

*See* ECF No. 112 at 27. The materials sought by Albert do not fall into any of the categories specifically enumerated in the statute. Further, the phrase "other instruments under which the plan is established or operated" has been held to refer to formal documents that "establish or govern the plan." *Baxter v. Briar Cliff College Group Ins. Plan*, 409 F. Supp. 2d 1108, 1130 (N.D. Iowa 2006). The materials Albert sought in January 2012 fail to qualify as such formal documentation.[6] As such, Count three should be dismissed.

## IV.   RECOMMENDATION

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that the Orion Defendants' motion for summary judgment (ECF No. 110) be **GRANTED**. All claims should be dismissed with prejudice.

DATED: February 10 , 2014                     *s/Franklin L. Noel*
                                              FRANKLIN L. NOEL
                                              United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **February 24, 2014**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof.  All briefs filed under the rules shall be limited

---

[6] Defendants also rightly note that Albert's request was sent after he was formally terminated, and as such, Orion/Meridian was under no obligation to respond. *Davis v. AK Steel Corporation*, 670 F.Supp. 2d. 413, 428 (W.D. Pa. 2009).

to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **February 24, 2014** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.